25CA0456 Peo in Interest of Boyd 05-22-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0456
Pueblo County District Court No. 25MH30022
Honorable Gregory J. Styduhar, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Marvin Tyrone Boyd,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    In this mental health proceeding, Marvin Tyrone Boyd appeals the district court's order authorizing the involuntary administration of medications.  We affirm.

## I.    Background

¶ 2    Boyd suffers from schizoaffective disorder.  He exhibits delusional ideation and paranoia, along with manic symptoms including irritability, pressured speech, and disorganized thinking.

¶ 3    Boyd was admitted to the Colorado Mental Health Hospital in Pueblo (the hospital) for inpatient competency restoration.  In March 2025, Boyd refused treatment, prompting the hospital to request involuntary administration of olanzapine (Zyprexa), lithium, and chlorpromazine (Thorazine).  The People petitioned for review of Boyd's refusal of treatment.  Consistent with *People v. Medina*, 705 P.2d 961 (Colo. 1985), the petition asserted that (1) Boyd is incapable of participating in decisions affecting his health and treatment; (2) the requested treatment is necessary to prevent a significant and likely long-term deterioration in his mental health condition or to prevent the likelihood of him causing serious harm to himself or others; (3) a less intrusive treatment alternative is not

1

available; and (4) Boyd's need for treatment is sufficient to override any bona fide and legitimate interest he has in refusing treatment.

¶ 4     At a hearing on the People's petition, the district court heard testimony from both Boyd and Dr. Hareesh Pillai, the psychiatrist responsible for supervising Boyd's care. At the end of the hearing, the court found Dr. Pillai's testimony to be credible and persuasive. Based largely on his testimony, the court concluded that the People had proved all four *Medina* elements and issued an order authorizing the hospital staff to administer the requested medications to Boyd against his will.

## II.     Standard of Review

¶ 5     When, as here, a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we review the district court's legal conclusions de novo but defer to its factual findings if they have record support. *People v. Marquardt*, 2016 CO 4, ¶ 8. We view the evidence as a whole and in the light most favorable to the prevailing party, leaving the resolution of testimonial conflicts and the determination of witness credibility solely to the fact finder. *People in Interest of Uwayezuk*, 2023 COA 69, ¶ 57; *People in Interest of R.C.*, 2019 COA 99M, ¶ 7. As the fact

2

finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn therefrom. *R.C.*, ¶ 7.

## III. Discussion

¶ 6 A district court may order the involuntary administration of medication to a patient only if the People prove, by clear and convincing evidence, each of the four elements outlined in *Medina*. *Medina*, 705 P.2d at 973. Boyd does not contest the first, second, or third *Medina* elements. He contends only that the evidence presented at the hearing was insufficient to prove the fourth element. We are not persuaded.

¶ 7 The fourth *Medina* element requires a court to assess whether the patient's need for treatment is sufficiently compelling to override the patient's interest in refusing treatment. *Id.* at 974. The court must determine (1) "whether the patient's refusal is bona fide and legitimate" and, if so, (2) "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 8    Boyd asserts that the district court erred by concluding that he does "not have a legitimate reason for refusing medications." This is so, he argues, because the court failed to acknowledge that he has a legitimate interest in "avoiding serious side effects." As evidence of such side effects, he points to (1) Dr. Pillai's testimony that Boyd has reported difficulty sleeping, headaches, drowsiness, and dizziness; and (2) his own testimony about drooling and slurred speech. But Dr. Pillai testified that, in fact, Boyd's difficulty sleeping is "more related to his underlying manic symptoms" and that, with the requested medications, he "is able to sleep." Although Dr. Pillai acknowledged that Boyd had reported headaches, drowsiness, and dizziness, Boyd himself downplayed the significance of those side effects. When asked if he was having any side effects from the medications, he stated, "I wouldn't say side effects," but "maybe a little bit of drowsiness." When further asked if he had experienced slurred speech or drooling, he replied, "maybe a little bit" and "just a little bit."

¶ 9    Although significant side effects can constitute a bona fide reason to refuse medication, *Uwayezuk*, ¶ 62, Boyd's equivocation on whether and what side effects he was experiencing, and their

4

significance, supports the court's determination that his reasons for refusing medications are not bona fide and legitimate. Nonetheless, even if we assume that they are, the district court found that Boyd's need for treatment "is sufficiently compelling to override any bona fide [and] legitimate interest [he has in] refusing treatment." The record supports this determination, which goes to the ultimate determination under the fourth element of *Medina*.

¶ 10   Dr. Pillai's testimony established that without treatment, Boyd's condition significantly and quickly deteriorates, leading to agitation, aggression, and threatening behaviors that pose a serious risk of harm toward others. We conclude that this evidence — which the court credited — clearly and convincingly supports the conclusion that Boyd's interest in refusing medication must yield to the state's legitimate interests in preserving his health and protecting the safety of others in the institution. *See Medina*, 705 P.2d at 974; *People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

IV.   Disposition

¶ 11   The order is affirmed.

JUDGE TOW and JUDGE SULLIVAN concur.